968 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Boyd BARKSDALE, Defendant-Appellant.
 No. 91-5658.
 United States Court of Appeals, Sixth Circuit.
 July 14, 1992.
 
 Before KEITH and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Boyd Barksdale, appeals his conviction following a guilty plea to possession with intent to distribute amphetamines in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2 and use of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c).
 
 I.
 
 2
 On September 13, 1988, a confidential informant told a detective with the Louisville police department that Randy Barksdale, defendant's son, might be operating a methamphetamine laboratory and that a vehicle with Texas license plates was involved. After receiving this information, the detectives began surveillance of the vehicle. They followed defendant and his son to a parking lot beside Iroquois High School in Louisville, Kentucky. The detectives saw a third person get into the back seat of the vehicle and defendant hand him something over the seat.
 
 
 3
 At this point, the detectives approached the vehicle. As they were approaching, the person in the back seat tried to hide a small bag, and the detectives observed defendant repeatedly reaching below his seat. Upon reaching the vehicle, the detectives discovered a .38 caliber Taurus revolver with obliterated serial numbers where defendant had been reaching. They also found 250.7 grams of amphetamine in the front floor board, .4 grams of amphetamine in a bag in the back seat, and 9.3 grams of amphetamine, which defendant pointed out had fallen to the ground. The detectives found other drug paraphernalia in the car and .18 more grams of amphetamine on defendant.
 
 
 4
 An indictment was handed down and defendant was arraigned before a magistrate. Defendant's court-appointed counsel at the arraignment was ordered by the magistrate to file all defensive motions within 11 days after entry of a reciprocal order for discovery pursuant to Local Rule 6(a)(3). Defendant's counsel filed for a continuance on the ground that there was information relating to a plea and sentencing in the United States District Court for the Western District of Missouri which was material to the case at bar. The court then ordered that defendant's counsel have time to obtain a transcript of defendant's sentencing in the Western District of Missouri. After receiving this transcript, defendant's counsel moved to dismiss the indictment in the present case on the ground that the charges were incorporated into the plea and conviction in the Western District of Missouri, and, therefore, constituted double jeopardy as to the defendant. On October 19, 1990, the district court overruled this double jeopardy motion, holding that it was untimely filed under the prior reciprocal discovery order. Defendant then waived his right to indictment by a grand jury, and pled guilty to a two-count superceding information. The court then sentenced defendant to a term of 72 months imprisonment to be served consecutively to the sentence he received from the Western District of Missouri. Defendant then filed a timely notice of appeal. He argues that he was rendered ineffective assistance of counsel by counsel's failure to timely file his motion to dismiss the indictment on the ground of alleging double jeopardy.
 
 II.
 
 5
 Defendant contends that his appointed trial counsel's failure to timely make a motion to dismiss the indictment on the ground of double jeopardy constitutes ineffective assistance of counsel. However, this claim has no merit if defendant's claim of double jeopardy has no merit. We must therefore first decide whether defendant's convictions for manufacturing phenyl-2-propanone and amphetamine in Missouri and for possession and distributing amphetamine and carrying a firearm in relation to a drug trafficking crime in Kentucky amount to double jeopardy.
 
 
 6
 Defendant contends that the Kentucky conviction at issue in the present case for possessing and distributing amphetamine and carrying a firearm in relation to a drug trafficking offense subjected him to double jeopardy because of a prior conviction in Missouri for manufacturing phenyl-2-propanone and amphetamine. Defendant had previously pled nolo contendere to manufacturing phenyl-2-propanone and amphetamine in the Missouri federal district court. Defendant claims that the language in the Missouri indictment charged a Continuing Criminal Enterprise (CCE) was inclusive of the dates of the offense for which he was indicted in Kentucky. Defendant maintains that the Missouri indictment precludes a subsequent indictment for specific acts which occurred in any other jurisdiction during the time frame relating to the Continuing Criminal Enterprise. Defendant argues that in the Missouri federal court, the violation he was charged with encompassed the time frame of the fall of 1984 up to and including September 13, 1988 in the Western District of Missouri and elsewhere. Defendant contends that when he entered his plea of nolo contendere before the court in the Western District of Missouri, the court in the Western District of Kentucky could no longer prosecute defendant on any related matters arising during this time frame because such offenses would be included as part of the Continuing Criminal Enterprise to which the defendant had already pled guilty. According to defendant further attempts to prosecute him for acts occurring during this time period amount to double jeopardy.
 
 
 7
 Defendant's argument is to no avail, first because defendant was not convicted of a Continuing Criminal Enterprise in Missouri, but was instead convicted for manufacturing phenyl-2-propanone and amphetamine. The count for which defendant was convicted in Missouri states:
 
 
 8
 Sometime during the early part of July, 1987, in Hickory County, in the Western District of Missouri, and elsewhere, ... Boyd Barksdale ... did knowingly and intentionally manufacture phenyl-2-propanone, commonly known as "P2P," and amphetamine, schedule II controlled substances, all in violation of Title 21, United States Code, section 841(a)(1) and Title 18, United States Code, section 2.
 
 
 9
 The information to which defendant pled guilty in Kentucky states:
 
 
 10
 On or about the 13th day of September, 1988, in the Western District of Kentucky, Jefferson County, Kentucky, Boyd Barksdale ... knowingly and intentionally possessed with intent to distribute, and did distribute, a measurable quantity, that is approximately ten grams, more or less, of amphetamine, a schedule II controlled substance ... [i]n violation of Title 21, United States Code, section 841(a)(1), and Title 18, United States Code, section 2. The U.S. Attorney further charges that on or about the 13th day of September, 1988, in the Western District of Kentucky, Jefferson County, ... Boyd Barksdale ... in relation to a drug trafficking crime ... did carry a firearm ... in violation of 18 U.S.C., section 924(c) and (2).
 
 
 11
 Thus, defendant was convicted of two separate offenses on two separate dates.
 
 
 12
 Defendant's reliance on Garrett v. United States, 471 U.S. 773 (1985), is to no avail, because the defendant in Garrett was convicted of conducting a Continuing Criminal Enterprise (CCE). In contrast, in the present case, although count one of the Missouri superseding indictment charged defendant with "knowingly and intentionally engag[ing] in a Continuing Criminal Enterprise," his conviction involved only count 6. Count 6 charged defendant with manufacturing controlled substances; he was not convicted of conducting a CCE. Thus defendant's two convictions involved two distinct crimes, one that occurred in July 1987, for manufacturing and one that occurred in September 1988 for possession and carrying a firearm. Nothing in the record suggests, and defendant does not argue, that the Missouri plea agreement sought to preclude defendant's prosecution in other jurisdictions.
 
 
 13
 A guilty plea does not automatically foreclose a double jeopardy challenge. However, if a defendant has admitted to two separate charges in a guilty plea, the Supreme Court has held he has waived any double jeopardy challenge. See United States v. Broce, 488 U.S. 563, 573 (1989). The Court held that relinquishment of such a defense derives "from the admissions necessarily made upon entry of a voluntary plea of guilty." Id. at 573-74. In the present case, defendant has admitted to two separate charges in separate pleas, and he, therefore, is now precluded from raising a double jeopardy challenge.
 
 
 14
 Second, even if defendant had not waived his right to raise a double jeopardy challenge, it would fail. Defendant is in error that he may not be convicted for the same offense by separate sovereigns. Under the dual sovereignty doctrine, successive prosecutions by two states for the same conduct is not barred by the double jeopardy clause. Heath v. Alabama, 474 U.S. 82, 88 (1985) (by one act, defendant can commit two offenses, justly punishable by separate sovereigns); United States v. Nevils, 897 F.2d 300, 309 (8th Cir.1990) (plea agreement in California did not preclude related prosecution in Missouri), cert. denied, 111 S.Ct. 125 (1990). For these reasons, the district court is hereby AFFIRMED.